FREEMAN *versus* MACHIAS WATER POWER & MILL COMPANY.

In actions *against* a corporation, the plea of the general issue admits its capability of being sued *where* the action was commenced.

No *legal* organization by the corporators, under a charter granted by *this*, can be effected by their action in *another State.*

And where such an organization in another State was attempted, and shares in the capital stock under it were taken by plaintiff, which were afterwards sold by the corporation for non-payment of assessments; and *subsequently* an organization under the charter was completed in this State, and all the *prior proceedings* were confirmed; — *Held,* that if the plaintiff by the new organization became the lawful owner of the *shares,* by the same act he was deprived of them, and could maintain no action upon them for dividends.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

ASSUMPSIT to recover dividends made upon four shares of the capital stock of defendant corporation; viz. $2 a share, January 28, 1852, and $2,25 per share, January 26, 1853.

The action was originally brought before a justice of the peace, and came up by appeal. The general issue was pleaded.

After the evidence was introduced, it was agreed that the Court might draw from it the inferences which a jury would be authorized to do, and render such judgment as the law may require.

The Act of incorporation was passed by the Legislature of this State in March, 1836, and in April following, an attempted organization was made in the city of Boston, where

the number of shares was determined and the certificates issued.

The plaintiff in December, 1839, and July, 1842, received his certificate on which was indorsed, "all paid in," and upon these shares dividends had been made in 1852 and 3, which were sued for in this action after a demand therefor.

The corporation in 1844, were authorized to assess a tax upon the shares in its stock, and in case of neglect or refusal to pay the sum, were empowered to sell them.

For such neglect the plaintiff's shares were sold, and the plaintiff attempted to avoid the effect of this sale by showing that the proceedings were not according to law, and referred to their votes recorded.

In 1851, the stockholders, fearing that the proceedings under the charter had not been legal, organized anew at Portland, and attempted to make valid all the acts and doings of the corporation before that term by vote duly recorded.

The point on which the decision of the case turned makes it unnecessary to state more particularly the evidence.

*P. Thacher*, for defendants.

1. It is not competent for plaintiff, claiming to be a stockholder, to object to the validity of the meetings or acts of the corporation. 16 Mass. 94; Angell & Ames on Corp. §§ 499, 517; *Miller* v. *Ewer*, 27 Maine, 509; *Meadow Dam Corp.* v. *Gray, and cases cited*, 30 Maine, 547.

2. But no valid objection exists to such meetings or doings, because of any proceedings of the corporators out of the State. *Miller* v. *Ewer*, 27 Maine, 509, and 30 Maine, 547.

3. The tax complained of, was necessary to save the company from ruin.

*Freeman, pro se.*

APPLETON, J. — It was held in *Penobscot Boom Corporation* v. *Lamson*, 16 Maine, 224, that in a suit by a corporation, the plea of the general issue was an admission of its

legal existence and competency to maintain an action. It is not perceived why the same doctrine is not equally applicable to corporations when sued as defendants. But while the existence of the corporation is thus admitted, the time when it first acquired a valid organization is left undetermined. The only effect of the admission is, that at the time of the institution of the suit, the corporation, a party thereto, was capable of suing or being sued.

It was decided in *Miller* v. *Ewer*, 27 Maine, 509, " that all votes and proceedings of persons professing to act in the capacity of corporators when assembled without the bounds of the sovereignty granting the charter, are wholly void." The charter of the defendants was granted in 1836, and during that year an attempted organization was had in Boston, but according to the principles of that decision it was utterly ineffectual, and upon the facts disclosed, this Court would have been compelled to adjudge that there was no such corporation. The stock certificate which the plaintiff offers as proof of his right, is evidenced by officers then chosen. But if there was no corporation, there can be no stock, for there can be no stock in a non-existent corporation. The plaintiff, upon the grounds by him assumed, shows that he cannot be a stockholder, under any attempted organization without this jurisdiction.

It appears that in 1851 those claiming then to be stockholders, being apprized of their condition, made a new attempt at organization. But before this was done the shares of the plaintiff had been sold for non-payment of certain taxes assessed thereon. At the meeting held at Portland, to reorganize the corporation, Jan. 23, 1851, it was voted " that all the acts and proceedings of the corporators of the Machias Water Power and Mill Co., at the meeting for the organization of the corporation, holden in Boston as aforesaid, as well as all the acts and proceedings of the stockholders and directors at all subsequent meetings which have been holden at Boston aforesaid or elsewhere, are hereby ratified and confirmed, and all bonds, contracts and convey-

ances, which have been made with or by the agents or offi-
cers of said corporation, who have been chosen at any meet-
ings holden as aforesaid, and all assessments which have
been at any time levied upon the shares of said company,
are hereby declared obligatory and valid." · By another vote
all the acts and proceedings of the corporation without the
State are adopted and confirmed equally as if they had been
done within the State.

As the plaintiff could not become a stockholder of a cor-
poration before its existence, his legal right to be so can
only arise by the retrospective action of the corporation
under its new organization. But if that were to be deemed
valid to give him any rights as a corporator, it is equally so
to take them away. If former proceedings were valid his
stock would have passed from him by sale for non-payment
of taxes. But as the confirmation extends to all previous
proceedings, it embraces equally the sale as the issue of the
stock. It deprives him of the stock by the same act which
would momentarily invest him with its ownership.

The plaintiff could acquire no stock before the corpora-
tion was existent. · He owned none therefore before the
new organization. · He can acquire none by that act, because
it equally confirms those proceedings which divest him of
stock, as those by which he would be a stockholder. At
common law he is not therefore entitled to maintain this
action.                              *Plaintiff nonsuit.*

TENNEY, HOWARD and HATHAWAY, J. J., concurred.